**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-60060
Summary Calendar
_____

CHARLES LAWSON

Plaintiff-Appellant

VERSUS

HEIDELBERG EASTERN, INC., dba
Plumrose, U.S.A.

Defendant-Appellee

_____

Appeal from the United States District Court
for the Northern District of Mississippi, Aberdeen
(1:93 CV 243 S D)
_____

(October 20, 1995)

Before HIGGINBOTHAM, DUHÉ, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellant sued his employer, a diverse defendant, for intentional infliction of emotional distress, violation of the Mississippi Actionable Words Statute and failing to carry out the employment contract in good faith.  Plaintiff alleged that a managerial employee cursed him, threatened to "blow his head off" and challenged him to a fistfight when Plaintiff complained that the manager crowded his work space.  Plaintiff's claims were dismissed by the district court by summary judgment because the manager's actions, while improper, were not sufficiently extreme or outrageous to

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

support a claim for intentional infliction of emotional distress and because a corporate employer cannot be held liable under the Mississippi Actionable Words Statute for the words of its employee. Lawson v. Heidelberg Eastern, 872 F. Supp. 335 (N.D. Miss. 1995). After reviewing the record and arguments of both parties, we affirm.

We must determine *sua sponte* our jurisdiction. Morales v. Pan American Life Ins. Co., 914 F.2d 83, 85 (5th Cir. 1990). We have jurisdiction over final decisions of the district court, i.e. decisions which dispose of the entire controversy and leave nothing further for the court to do in the cause. 28 U.S.C. § 1291; National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex., 40 F.3d 698 (5th Cir. 1994). An order may be "final" even though the district court does not formally include judgment on a claim that has been abandoned when the court intended to end the litigation. Vaughn v. Mobil Oil Exploration & Producing Southeast, Inc., 891 F.2d 1195, 1198 (5th Cir. 1990); Armstrong v. Trico Marine, Inc., 923 F.2d 55 (5th Cir. 1991).

Here, the district court dismissed the entire cause with prejudice and had the case closed without any reference to the contract of employment claim. While the record before us does not indicate whether the contract claim was included in Defendant's motion for summary judgment, the district court's ten-page typewritten opinion does not address the claim, Plaintiff does not challenge the finality of the district court's judgment and Plaintiff filed this appeal pursuant to 28 U.S.C. §1291 which confers appellate jurisdiction over final judgments. We therefore conclude that Plaintiff abandoned the employment contract claim, that the district court's judgment is a final judgment and that we have jurisdiction

2

over the appeal. *See,* <u>National Ass'n of Gov't Employees</u>, 40 F.3d at 706.

Appellant first argues that the district court improperly relied on Louisiana law and the Restatement (Second) of Torts in this Mississippi-based diversity action. Absent a decision directly on point from the Mississippi Supreme Court, a federal court sitting in diversity must consider the lower court rulings, the general rule, the rules of other jurisdictions and other available legal resources and decide the issue based upon what the Mississippi Supreme Court is likely to rule. <u>Jackson v. Johns-Manville Sales Corp.</u>, 781 F.2d 394, 396-98 (5th Cir. 1986)(en banc), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed. 2d 743 (1986). Because no Mississippi court has specifically addressed cursing and threats of fistfighting in an employment setting, the district court's reliance on the Restatement (Second) of Torts and Louisiana jurisprudence was not erroneous. Further, the Mississippi Supreme Court was guided in part by the first Restatement of Torts in fashioning its rule of law for intentional infliction of emotional distress. <u>Lyons v. Zale Jewelry Co.</u>, 246 Miss. 139, 150 So. 2d 154 (Miss. 1963).

Plaintiff also argues that the quality of the manager's conduct cannot be evaluated by the court on motion for summary judgment. Summary judgment, however, is appropriate when the moving party establishes that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(b). Defendant accepts, for the purpose of the motion, all of the facts alleged by plaintiff. We must decide only whether these facts are legally sufficient to support a claim for intentional infliction of

emotional distress or a claim under the Mississippi Actionable Words Statute.

Under Mississippi law, an action for intentional infliction of emotional distress lies when the defendant's intentional conduct evokes foreseeable outrage or revulsion. Sears, Roebuck & Co. v. Devers, 405 So. 2d 898, 902 (Miss. 1981); White v. Walker, 950 F.2d 972 (5th Cir. 1991). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts §46, cmt. d (1965). We agree with the district court's conclusion that the manager's actions, while improper, do not rise to the level of extreme and outrageous conduct necessary to recover damages for intentional infliction of emotional distress. The cases cited by plaintiff are unpersuasive because they involve conduct more outrageous than an employment dispute between coemployees or were decided according to behavioral standards over fifty years old which are not necessarily applicable in determinations of outrageousness by a contemporary court. White v. Walker, 950 F.2d 972 (5th Cir. 1991).

Appellee also urges that summary judgment is proper because Plaintiff's mental distress was not sufficiently severe to warrant recovery, the manager's actions were outside the scope of his employment, and the manager's actions were not ratified by Defendant. Because the nature of the manager's conduct is dispositive, we do not address these issues.

Plaintiff argues that his claim for violations of the Mississippi Actionable Words Statute, Miss. Code Ann. §95-1-1, should

4

not have been dismissed because a question of fact regarding the applicability of the statute to an employer exists. We disagree.

Ordinarily, an employer is not liable under the actionable words statute for words uttered by an employee. <u>Dixie Fire Ins. Co. v. Betty</u>, 101 Miss. 880, 58 So. 705 (Miss. 1912); <u>Neely v. Payne</u>, 126 Miss. 854, 89 So. 669 (Miss. 1921). <u>Dixie</u> suggests the possibility, however, that a principal may be held liable for the words of an employee if the words were spoken at the command of the employer. Plaintiff provides no evidence that the manager's words were spoken at the command of Defendant. Instead, Plaintiff asks us to apply the common law standard for respondeat superior liability. This standard is inapplicable.

AFFIRMED.